**Order entered October 9, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01300-CR

**RAUL R. RICOY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-54024-P**

## ORDER

The Court **REINSTATES** this appeal.

On June 17, 2013, this Court notified the trial court that it appears the trial court's certification of appellant's right to appeal may not be correct. Specifically, we noted that although the plea form signed at the hearing on the State's motion to adjudicate guilt has the box checked that states appellant waives his right to appeal, the record reflects that appellant pleaded true to the allegations in the motion to adjudicate without benefit of a plea bargain. The hearing on the motion to adjudicate was conducted on one day and the trial court sentenced appellant on a different day. Nothing in the record reflects any agreement between appellant and the State as to the sentence imposed, nor does the record contain anything to show appellant waived his right

to appeal after he knew what his sentence would be. Therefore, it appears the certification may be incorrect. Additionally, because appellant's brief is overdue, we ordered the trial court to make findings regarding the status of the brief. To date, we have not received the trial court's findings, an amended certification of appellant's right to appeal, or a response to either of two letters sent inquiring about the status of the findings. The appeal cannot proceed until the issues of the certification and appellant's brief are resolved.

Accordingly, we **ORDER** the Honorable Teresa Hawthorne, Presiding Judge, 203rd Judicial District Court, to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the Honorable Teresa Hawthorne shall make appropriate findings and recommendations and determine the following:

- Whether appellant waived his right to appeal in conjunction with a plea agreement with the State or after appellant was aware of the sentence that would be imposed. *See Ex parte Delaney*, 207 S.W.3d 794 (Tex. Crim. App. 2006); *Blanco v. State*, 18 S.W.3d 218 (Tex. Crim. App. 2000). If the Honorable Teresa Hawthorne determines that appellant waived his right to appeal in one of the manners set out above, she shall make a finding to that effect.

- If the Honorable Teresa Hawthorne determines appellant did not waive his right to appeal, she shall prepare an amended rule 25.2(d) certification that accurately reflects the trial court proceedings. *See Cortez v. State*, 2013 WL 5220904 (Tex. Crim. App. Sept. 18, 2013).

- The Honorable Teresa Hawthorne shall next determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the Honorable Teresa Hawthorne cannot obtain appellant's presence at the hearing, she shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam).

We **ORDER** the Honorable Teresa Hawthorne to transmit a record of the proceedings, which shall include written findings and recommendations, any orders, and any supporting documentation, to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Teresa Hawthorne, Presiding Judge, 203rd Judicial District Court, and to Michael Casillas, Dallas County District Attorney's Office.

We **DIRECT** the Clerk to send a copy of this order, by first-class mail, to Raul R. Ricoy, TDJC No. 01810341, Hughes Unit, Route 2, Box 4400, Gatesville, Texas 76597.

This appeal is **ABATED** to allow the Honorable Teresa Hawthorne to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.


/s/     LANA MYERS
        JUSTICE