

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00089-CR
_____

JOHN DENNIS CLAYTON ANTHONY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Bailey County, Texas
Trial Court No. 2557; Honorable Gordon H. Green, Presiding

October 18, 2013

## ABATEMENT AND REMAND

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On January 14, 2009, Appellant, John Dennis Clayton Anthony, was granted deferred adjudication for aggravated sexual assault[1] and placed on community supervision for eight years. He was also assessed a $3,000 fine and ordered to pay $783.08 in restitution. Later in 2009, the State filed a motion to adjudicate. That proceeding resulted in an agreed order modifying the conditions of his community

_____
[1]Tex. Penal Code Ann. § 22.021 (West Supp. 2012).

supervision. In 2011, the State again sought to adjudicate Appellant guilty. Again, the proceeding resulted in a modified order which included additional special conditions. Finally, the State's third attempt to revoke Appellant's community supervision resulted in an adjudication of guilt and the assessment of a life sentence. Appellant perfected this appeal from that judgment.

When the clerk's record was filed on June 11, 2013, it came to this Court's attention that the record did not contain a *Trial Court's Certification of Defendant's Right of Appeal* as required by Rule 25.2(d) of the Texas Rules of Appellate Procedure. Pursuant to Rule 37.1, by letter dated September 6, 2013, the Clerk of this Court notified the trial judge and court clerk of the defect and directed that a supplemental clerk's record containing a certification be filed. A supplemental clerk's record was filed on October 14, 2013, and it does contain a *Trial Court's Certification of Defendant's Right of Appeal*. That certification, however, is not signed by Appellant and it is not in compliance with the promulgated forms.[2] Consequently, the certification is defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005).

The Texas Court of Criminal Appeals has recently confirmed the procedure for obtaining a proper certification under the Texas Rules of Appellate Procedure. *See Cortez v. State*, ___ S.W.3d ___, No. PD-1349-12, 2013 Tex. Crim. App. LEXIS 1323, at *8-9 (Tex.Crim.App. Sept. 18, 2013). The first step, as was undertaken in this appeal, is

---

[2]Effective September 1, 2007, Rule 25.2(d) was amended to require that a defendant sign the certification and receive a copy which contains certain admonishments not previously required. The proper form is contained in Appendix D to the Texas Rules of Appellate Procedure and can be found on this Court's website at http://7thcoa.courts.state.tx.us/forms/TC-Certification.pdf.

to notify the trial judge and trial court clerk of the omission and to direct supplementation of the record. *See* TEX. R. APP. P. 34.5(c)(2). *Cortez*, however, also notes that a "certification must be signed by the defendant" as required by Rule 25.2(d). *Cortez*, 2013 Tex. Crim. App. LEXIS 1323, at *5. Our conclusion that the certification is defective brings us to the next step discussed in *Cortez,* which is to direct the trial court to obtain a properly executed certification that does comply with Rule 25.2(d). *See id.* at *8.

Consequently, we abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a *Trial Court's Certification of Defendant's Right of Appeal* which is in compliance with Rule 25.2(d), including the requirement that it be signed by Appellant. Once properly completed and executed, the certification shall be included in a supplemental clerk's record. *See* TEX. R. APP. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court by December 2, 2013. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause will be referred to the Court for further action. *See* TEX. R. APP. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.