COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:      Eric Rostro v. The State of Texas

Appellate case number:    01-11-00556-CR

Trial court case number:  57844

Trial court:              300th District Court of Brazoria County

The trial court's certification of the appellant's right of appeal in the above-referenced case is defective. *See* TEX. R. APP. P. 25.2(d). The record in this case reveals that defendant has a right of appeal.[1] However, the trial court's certification in the above-referenced case does not include an indication of appellant's right of appeal and is not signed by appellant or the trial court. *See id.*

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right of appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right of appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

After previously notifying the trial court of the defective certification, on March 20, 2012, the Court abated this appeal and remanded the case to the trial court for preparation of an amended certification of appellant's right of appeal that complied with Texas Rule of Appellate Procedure 25.2. *See* TEX. R. APP. P. 25.2(d), 34.5(c)(2), 37.1. On October 4, 2013, the Court issued an order continuing abatement, once again stating that the certification is defective and ordering the trial court to prepare and file an amended certification. October 24, 2013, the Brazoria County District Clerk's office filed a supplemental clerk's record which contained the trial court's certification of appellant's right of appeal signed November 10, 2010. As explained

---

[1]    This is not a plea bargain case. *See Gutierrez v. State*, 108 S.W.3d 304, 309 (Tex. Crim. App. 2003) ("[I]n the context of revocation proceedings, the legislature has not authorized binding plea agreements . . . ."). Further, there is no indication that appellant waived his right of appeal.

in this Court's previous orders, however, this 2010 certification is inapplicable to appellant's current appeal of the trial court's 2011 judgment revoking appellant's deferred-adjudication community supervision and adjudicating appellant's guilt.

Consequently, on October 31, 2013, we ordered the trial court to prepare and file a certification of appellant's right of appeal from the 2011 judgment adjudicating guilt that complies with Texas Rule of Appellate Procedure 25.2. On December 27, 2013, we issued an order continuing abatement, once again ordering the trial court to prepare and file an amended certification of appellant's right of appeal from the 2011 judgment adjudicating guilt.

On February 20, 2014, the trial court sent a letter to this Court indicating that the trial court has been unable to locate a properly completed certification of appellant's right of appeal from the 2011 judgment, stating that the trial court is unable to locate appellant, and requesting that the Court advise the trial court regarding the next steps to be taken.

As previously stated, the record in this case indicates that appellant has a right of appeal. Accordingly, the trial court is directed to **prepare and sign an amended certification of appellant's right of appeal from the 2011 judgment adjudicating guilt stating that this "is not a plea-bargain case, and the defendant has the right of appeal."**[2] *See* TEX. R. APP. P. 25.5(d), 34.5(c)(2), 37.1. The certification shall also include a notice that appellant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 25.2(d). Further, the certification must be signed by appellant.[3] *See id.*; *Cortez v. State*, No. PD-1349-12, 2013 WL 5220904, at *2 (Tex. Crim. App. Sept. 18, 2013). The trial court shall utilize whatever means necessary to secure a certification of appellant's right of appeal that complies with Texas Rule of Appellate Procedure 25.2(d).

---

[2] In a footnote in *Greenwell v. Court of Appeals for Thirteenth Judicial District*, the Court of Criminal Appeals stated that an "appellate court may not dictate the content of [a] certification." 159 S.W.3d 645, 650 n.24 (Tex. Crim. App. 2005). However, we "must direct the trial court to correct the error," and we must use Rules 34.5(c)(2) or 37.1 to obtain a correct certification and would err if we dismissed the appeal for want of jurisdiction. TEX. R. APP. P. 44.4(b); *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Further, the Court of Criminal Appeals has, after *Greenwell* was decided, "instructed [a trial judge] to re-certify [a] case by designating it as 'not a plea-bargain case' on the certification form." *See Hargesheimer v. State*, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006). Because the trial court has not provided a valid certification after several orders of this Court, it is necessary to order the trial court to provide an amended certification stating that appellant does have the right of appeal. *See* TEX. R. APP. P. 34.5(c), 35.3(c), 37.1, 44.4(b).

[3] If the trial court is unable to secure appellant's signature on the amended certification, the trial court is directed to notify the Court of its failure. The trial court, however, must still prepare and sign an amended certification stating that this "is not a plea-bargain case, and the defendant has the right of appeal." Under such circumstances, the Court will suspend the requirement that appellant sign the certification, given that appellant has already filed a notice of appeal and appellant's trial counsel signature appears on the defective certification previously filed in this Court. *See* TEX. R. APP. P. 2, 25.2(d).

A supplemental clerk's record containing the amended certification shall be filed with this Court **no later than 20 days from the date of this order**.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Laura C. Higley

☑ Acting individually     ☐ Acting for the Court


Date: March 4, 2014