**Order entered October 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01067-CR

**JIMMY DEWAYNE HILL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0953582-W**

## ORDER

The clerk's record is overdue in this appeal. Moreover, we note that appellant filed a pro se notice of appeal stating the appeal is from the trial court's July 22, 2014 order nunc pro tunc to correct the trial court's judgment. *See Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012) (stating nunc pro tunc judgments are appealable orders). Nothing in the record before the Court indicates whether counsel has been appointed for appellant. Additionally, although the reporter's record of the underlying proceedings have been filed, it is not clear from the documents before Court of whether a hearing was conducted on the State's motion for a judgment nunc pro tunc.

Accordingly, the Court **ORDERS** the trial court to make findings of fact regarding whether appellant has been deprived of the record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant is indigent and entitled to proceed without payment of costs for the record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) whether a hearing was conducted on the motion for judgment nunc pro tunc; (2) if so, the name and address of each court reporter who recorded the proceedings in this cause; (3) the court reporter's explanation for the delay in filing the reporter's record; and (4) the earliest date by which the reporter's record can be filed.

- The trial court shall next determine the date by which the clerk's record will be filed. We further **ORDER** that the clerk's record contain a completed certification of appellant's right to appeal that accurately reflects the trial court proceedings. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013).

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/      ADA BROWN
         JUSTICE