

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00216-CR

## EX PARTE JUAN CARLOS MOREJON

**From the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 20140002HC2**

## O R D E R

Juan Carlos Morejon filed an application for writ of habeas corpus, pursuant to article 11.072 of the Texas Code of Criminal Procedure, challenging his misdemeanor conviction for theft. After a hearing, the trial court denied relief. Morejon appealed, but the clerk's record did not contain a certification of right of appeal regarding the denial of the habeas application. An order denying an application for writ of habeas corpus pursuant to article 11.072 is an appealable order. TEX. CODE CRIM. PROC. ANN. art. 11.072, Sec. 8 (West 2005).

By letter dated September 17, 2014, the Clerk of this Court notified the trial court clerk that a certification of defendant's right of appeal was not included in the clerk's

record. The trial court clerk was asked to file a supplemental clerk's record containing the certification within 21 days of the date of the letter. Before the expiration of the 21 days, the Court was advised that a certification of the right to appeal the denial of the application for writ of habeas corpus was not in the clerk's file; and thus, no supplemental clerk's record containing the defendant's certification of right of appeal was filed.

By letter dated October 1, 2014, the Clerk of this Court then notified the trial court that a certification of defendant's right of appeal regarding the trial court's order denying Morejon's application for writ of habeas corpus had not been provided to this Court. The Clerk of this Court requested the trial court to provide the trial court clerk with the trial court's certification of defendant's right of appeal of the trial court's order denying Morejon's application for writ of habeas corpus within 14 days of the date of the letter. The trial court clerk was then asked to file a supplemental clerk's record containing the trial court's certification with this Court within 21 days of the date of the letter. No supplemental clerk's record containing a certification of Morejon's right of appeal has been filed.

Under Rule of Appellate Procedure 37.1, if the trial court clerk does not file the certification after notice from the appellate clerk, as is the case here, the appellate clerk "must refer the matter to the appellate court, which will make an appropriate order under this rule or Rule 34.5(c)(2)." *Cortez v. State*, 420 S.W.3d 803, 807 (Tex. Crim. App.

2013).  According to the Court of Criminal Appeals, the "appropriate order" under Rule 34.5(c)(2) is an order from the appellate court directing the trial court to file the certification of the defendant's right of appeal.  *Id.*

Accordingly, the trial court is ORDERED to provide a certification of Morejon's right to appeal the trial court's denial of Morejon's application for writ of habeas corpus to the trial court clerk within 14 days from the date of this Order.  The trial court clerk is ORDERED to prepare a supplemental clerk's record containing the trial court's certification which must be filed within 21 days from the date of this Order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Order issued and filed November 6, 2014



Ex parte Morejon