**Order entered November 18, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00517-CR

---

### ARIANNA LINDSEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the Criminal District Court No. 3
### Dallas County, Texas
### Trial Court Cause No. F-1171158-J

---

## ORDER

The Court has before it appellant's November 3, 2014 motion to supplement the record and to review the jurisdiction of the Court. With regard to the motion to review jurisdiction, counsel states that it appears appellant pleaded guilty with an agreement to a cap on punishment of twenty-two years' imprisonment and that she waived her right to appeal as part of that agreement. The trial court sentenced appellant to eighteen years' imprisonment.

The written plea agreement form reflects an agreed punishment range of 8 to 22 years' imprisonment, with the State's recommendation of 15 years. The plea agreement form does not reflect appellant waived her right to appeal. The reporter's record of the plea hearing has not been filed. At the conclusion of the sentencing hearing, the trial court specifically noted that there was no plea bargain and directed counsel to complete the certification of appellant's right to appeal. The rule 25.2 certification states the case does not involve a plea bargain agreement. Because of the ambiguity in the record, we **GRANT** appellant's motion to review the jurisdictional issue as follows.

We **ORDER** the trial court to conduct a hearing to determine the following:

- Whether appellant pleaded guilty pursuant to a plea bargain agreement, including an agreement to cap the punishment. If the trial court finds that there was on plea bargain agreement, including an agreement to cap punishment, it shall make a finding to that effect.

- If the trial court determines appellant did plead guilty pursuant to a plea agreement, the trial court shall next determine whether appellant waived her right to appeal as part of the agreement.

- The trial court shall next determine whether appellant was sentenced in accordance with the plea bargain agreement.

- If the trial court determines that appellant pleaded guilty to and was sentenced in accordance with a plea bargain agreement, the Court shall next determine whether there were any matters raised by written motion filed and ruled on before trial or whether the trial court has granted appellant permission to appeal.

- In making its findings, the trial court shall review the reporter's record of the plea and sentencing hearings, the documents before the trial court, and may take evidence and argument regarding the issue.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. We specifically **ORDER** that the trial court include with its written findings of fact an amended certification of appellant's right to appeal that is signed by all parties and the trial court, and dated to reflect that it was completed following the hearing on this order. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013).*Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).

We **DEFER** ruling on the motion to supplement the record pending resolution of the jurisdictional question.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received.

/s/     LANA MYERS
JUSTICE