**DISMISS; Opinion Filed November 24, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00020-CR
No. 05-14-00021-CR

**JOVANY ALBA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-51275-Q, F13-51192-Q**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Evans

Jovany Alba waived a jury and pleaded guilty to aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), 46.04(a) (West 2011). In the aggravated assault case, appellant also pleaded true to one enhancement paragraph alleging a prior felony conviction. At the plea hearing, the prosecutor and appellant agreed to cap the punishment in each case at ten years. The trial court found appellant guilty and the enhancement paragraph true and assessed punishment at ten years'

imprisonment in each case.[1]  On appeal, appellant's attorney filed a brief in which she concludes the appeals are wholly frivolous and without merit.  *See Anders v. California*, 386 U.S. 738 (1967).  We advised appellant of his right to file a pro se response, but he did not file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 219–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Initially, counsel  questioned the Court's  jurisdiction over the appeals because appellant pleaded guilty and was sentenced in accordance with plea agreements.  Additionally, after sentencing appellant, the trial court specifically admonished appellant that he had no right to appeal.  Nevertheless, the certifications  state the cases do not involve plea agreements.  Counsel pointed out this discrepancy between the trial court's certifications of appellant's right to appeal and the record.  *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005).  We agree we lack jurisdiction over the appeals.

In plea bargain cases, we review the record to determine our jurisdiction and whether the trial court's certification is correct.  *See id.* at 612–13.  An agreement to a punishment cap is a plea agreement within the meaning of rule 25.2 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Threadgill v. State*, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st Dist.] 2003, no pet.).  Here, the trial court's certifications state the cases are not plea-bargain cases, and the defendant has the right of appeal.  The record, however, shows plea agreements that capped the punishment in each case at ten years' imprisonment.  The trial court assessed punishment in accordance with the cap and specifically told appellant he did not have a right to appeal because "I followed the plea

---

[1]  We note the trial court's judgment on the aggravated assault case says "n/a" in the sections regarding the plea and finding on the enhancement paragraph, which contradicts the record of the plea proceedings.  Because of our disposition of the appeal, we cannot modify the judgment to correct the error.

bargain agreement and didn't give you more than ten." Thus, the certifications do not accurately reflect the trial court proceedings. *See Dears*, 154 S.W.3d at 614–15.[2]

Rather than raise the jurisdictional issue for the first time in an *Anders* brief, the better practice would be for counsel to file a motion asking that the Court review the jurisdictional issue before briefs are filed. Nevertheless, we agree with counsel that we lack jurisdiction over the appeals.

We dismiss the appeals for want of jurisdiction.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140020F.U05

---

[2] Had counsel filed a brief raising issues on the merits, we would abate the case to allow the trial court to file an amended certification that showed either no right to appeal or provided the basis for the right to appeal. *See Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013); *Dears*, 154 S.W.3d at 614–15. However, because appellant's counsel raises the jurisdictional issue in these cases and filed a brief saying the appeals are frivolous, and because the record clearly shows the trial court did not give appellant permission to appeal, we see no reason to take that additional step here.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOVANY ALBA, Appellant

No. 05-14-00020-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-51275-Q).
Opinion delivered by Justice Evans, Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 24th day of November, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOVANY ALBA, Appellant

No. 05-14-00021-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-51192-Q).
Opinion delivered by Justice Evans,
Justices Francis and Stoddart participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 24th day of, 2014.