**Order entered April 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00018-CR

**DEVONTE WEBB, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F13-56001-J**

## ORDER

The Court has before it appellant's April 23, 2015 motion to determine the Court's jurisdiction. In the motion, counsel states that appellant pleaded guilty pursuant to a plea bargain agreement that reduced the offense charged and capped his punishment at forty years' imprisonment. The trial court assessed punishment at forty years'; however, it thereafter certified the case did not involve a plea bargain agreement and appellant had the right to appeal. Counsel asks this Court to determine whether appellant's case involves a plea bargain for jurisdictional purposes.

The written plea agreement form reflects that appellant's charged offense was reduced from capital murder to aggravated robbery. Appellant agreed to plead guilty under an agreement that the maximum punishment would be forty years' imprisonment. The section related to the

waiver of the right to appeal is not checked. The documents before the Court reflect that this case involves a plea bargain agreement both as to the charge and the sentence imposed. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Counsel does not assert, nor does the record reflect, that there were any matters raised by written motion filed and ruled on before trial. *See* TEX. R. APP. P. 25.2(a)(2), nor does the certification reflect that the trial court granted appellant permission to appeal.

The trial court must prepare a certification of appellant's right to appeal that accurately reflects the trial court proceedings. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013); *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). The certification contained in this record does not appear to accurately reflect the trial court proceedings. Accordingly, we **GRANT** appellant's motion as follows.

We **ORDER** the trial court to prepare an amended certification of appellant's right to appeal that accurately reflects the trial court proceedings. Specifically, because the case involves a plea bargain, the amended certification must either reflect no right to appeal or reflect the trial court's permission to appeal, with documentation supporting that certification. The amended certification is due within **FIFTEEN DAYS** of the date of this order.

The Court will reserve final determination of its jurisdiction pending receipt of the amended certification of appellant's right to appeal.

We **DIRECT** the Clerk to send copies of this order to the Honorable Gracie Lewis, Presiding Judge, Criminal District Court No. 3, and to counsel for all parties.

/s/     LANA MYERS
JUSTICE