

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00007-CR

**YVONNE CAROL LINDSEY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court
Walker County, Texas
Trial Court No. 25,743**

## ABATEMENT ORDER

On January 9, 2015, appellant, Yvonne Carol Lindsey, filed her notice of appeal in this matter. Attached to her notice of appeal was a copy of the trial court's certification of her right of appeal. Upon reviewing the certification, this Court noticed that appellant had not signed the certification of her right of appeal. Accordingly, on January 15, 2015, we informed appellant, the trial court, the Walker County District Clerk's Office, and the

Walker County District Attorney's Office that the trial court's certification of appellant's right of appeal is defective and requested that the defect be cured within thirty days.

Subsequently, on April 8, 2015, the Clerk's Record was filed. Once again, the trial court's certification of appellant's right of appeal was unsigned by appellant.[1] Thereafter, we received a letter from Kimberly Bartee, the Chief Deputy District Clerk for Walker County. In her letter, Bartee indicated that appellant's attorney "has tried numerous times to contact Ms. Lindsey and left numerous voice messages of the urgent need for her to sign the Trial Court Certification" and that the Walker County District Clerk's Office "has had no contact with [Appellant]." As such, "the Clerk's Record was sent to the Court with the Trial Court Certification incomplete due to the lack of signature." To date, appellant has not signed the trial court's certification of her right of appeal.

Texas Rule of Appellate Procedure 25.2(d) provides that:

> The certification shall include a notice that the defendant has been informed of [her] rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review. *This notification shall be signed by the defendant*, with a copy given to [her]. The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2).

---

[1] The record reflects that this case involves the revocation of appellant's community supervision. When the trial court first imposed community supervision, appellant signed the certification of her right of appeal. However, when appellant's community supervision was revoked, the certification was unsigned. Nevertheless, the certification in appellant's community-supervision-revocation case indicates that she has the right to appeal.

TEX. R. APP P. 25.2(d) (emphasis added). Therefore, because the certification on file has not been signed by appellant, it is defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005); *see also Anthony v. State*, No. 07-13-00089-CR, 2013 Tex. App. LEXIS 13064, at *2 (Tex. App.—Amarillo Oct. 18, 2013, no pet.) (mem. op., not designated for publication).

In *Cortez v. State*, the Texas Court of Criminal Appeals outlined the procedure for obtaining a proper certification under the Texas Rules of Appellate Procedure. *See* 420 S.W.3d 803, 806-07 (Tex. Crim. App. 2013). The first step, as was undertaken in this matter, is to notify the trial judge and the trial court clerk of the defective certification and to direct supplementation of the record. *See* TEX. R. APP. P. 34.5(c)(2); *see also Cortez*, 420 S.W.3d at 806. Because we have concluded that appellant's certification is defective, and because we have not yet received a compliant certification in this matter, we must move to the second step in *Cortez*—to direct the trial court to obtain a properly executed certification that does comply with Texas Rule of Appellate Procedure 25.2(d). *See* TEX. R. APP. P. 25.2(d); *see also Cortez*, 420 S.W.3d at 806.

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court may utilize whatever means its finds necessary to secure and file with this Court a certificate of right of appeal that complies with Rule 25.2(d), including the requirement that it be signed by appellant. *See* TEX. R. APP. P. 25.2(d). Once properly completed and executed, the certification shall be included

in a Supplemental Clerk's Record. *See id.* at R. 34.5(a)(12). The trial court shall cause the

Supplemental Clerk's Record to be filed with the Clerk of this Court by July 3, 2015.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed May 28, 2015
Do not publish
[CR25]

