NO. 07-12-0165-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 15, 2012
_____

DAMIEN HERNANDEZ CORTEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320th DISTRICT COURT OF POTTER COUNTY;

NO. 62,862-D; HON. DON EMERSON, PRESIDING
_____

**On Motion For Rehearing**
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the court is a motion for rehearing filed by Damien Hernandez Cortez. We dismissed his appeal due to the absence of a properly executed certificate of right to appeal. But in doing so, we also indicated that we would reconsider the decision should a valid certificate filed within the period allowed for rehearing. None was. Nor does the motion for rehearing indicate whether appellant attempted to secure such a document from the trial court.

As indicated in our original order of dismissal, Texas Rule of Appellate Procedure 25.2(d) mandates that "the appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record." Some may question the rule's sensibility. Some may think the proper course would be to dispense with it. Yet, as long as it exists, our judicial duty obligates us to abide by it.

Simply put, we cannot pick and choose which rules to follow. So too must we avoid resurrecting double standards wherein the court's are free to ignore rules while requiring others to follow them. Accordingly, we overrule the motion for rehearing. Appellant is free to seek relief from the Court of Criminal Appeals, the forum that enacted the rule.

Brian Quinn
Chief Justice


Publish.