

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1349-12

**DAMIEN HERNANDEZ CORTEZ, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SEVENTH COURT OF APPEALS
POTTER COUNTY**

**JOHNSON, J., delivered the opinion of the unanimous Court.**

## O P I N I O N

A jury convicted appellant of fraudulent possession of identifying information, found two enhancement paragraphs in the indictment to be true, and assessed appellant's punishment at 50 years' incarceration. Appellant filed a timely notice of appeal, but the record that was transmitted to the court of appeals did not contain a certification of the defendant's right of appeal. Because of the absence of the certification, the court of appeals dismissed the appeal pursuant to Rule of

Appellate Procedure 25.2(d).[1] *Cortez v. State*, 380 S.W.3d 828 (Tex. App.–Amarillo 2012).

We hold that, instead of dismissing the appeal, the court of appeals should have ordered the trial court to supplement the trial record with a certification of the defendant's right of appeal. We therefore reverse the court of appeals's dismissal and remand this case to that court so that it may order the trial court to submit a supplemental record that contains the certification.

## I. Facts

Appellant was convicted by a jury of fraudulent possession of identification. On April 4, 2012, appellant timely filed notice of appeal. On May 9, 2012, the trial clerk's record was filed in the court of appeals. That same day, the clerk of the court of appeals sent a letter to both the trial judge and the district clerk, notifying them that the record did not contain the required certification of the defendant's right of appeal. The letter directed the district clerk to file a supplemental record with the certification. The letter also provided that, in the event that the trial court's certification was not filed within 30 days, the district clerk was to so notify the appellate clerk, and "the matter will be referred to the appellate court for appropriate order."

On July 10, 2012, the court of appeals dismissed appellant's appeal. The court noted that "the trial court and district clerk were notified of the missing [certification of the defendant's right of appeal] and directed to supplement the record with such a signed certificate by June 25, 2012, but one has not been received to date." The court dismissed the appeal "as mandated by Texas Rule of

---

[1] "If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). The certification shall include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him. The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." Tex. Rule App. Proc. 25.2(d).

Appellate Procedure 25.2(d)," but stated it would "entertain a timely motion for rehearing accompanied by the requisite certification should one be acquired."

On July 18, 2012, appellant filed a motion for rehearing in the court of appeals. Attached to the motion was a certification of the defendant's right of appeal, which was signed by appellant and his counsel, but not by the trial judge. On August 15, 2012, a three-judge panel in the court of appeals denied appellant's motion for rehearing. The majority stated that Rule of Appellate Procedure 25.2(d) mandated dismissal and that "appellant is free to seek relief from the Court of Criminal Appeals, the forum that enacted the rule." One justice dissented, decrying "this hyper-technical interpretation of the Rules of Appellate Procedure" as a "waste of judicial resources." The dissenting justice would have granted the motion for rehearing and reinstated appellant's appeal because appellant's right of appeal was apparent from the face of the record.

Appellant filed a petition for discretionary review in this Court, raising a single issue: "Should the trial court's failure to execute a certification of right to appeal after entry of an appealable judgment result in Petitioner being denied his right of appeal where he was convicted by a jury upon a plea of not guilty." This Court granted review, and we now reverse.

## II. Analysis

### A. Relevant Rules of Procedure

Under Code of Criminal Procedure Art. 44.02, a defendant who pleads not guilty has a statutory right to appeal. When the trial court enters judgment of guilt in such a case, it must also enter a certification of the defendant's right of appeal. Tex. Rule App. Proc. 25.2(a)(2). The

certification must be signed by the defendant.[2] Tex. Rule App. Proc. 25.2(d). It should be part of the record prepared by the trial court when notice of appeal is filed, but it may be added later by timely amendment or supplementation under Rule 25.2, Rule 34.5(c)(1), and Rule 37.1, or by order of the appellate court pursuant to Rule 34.5(c)(2). *Id*. Finally, the appeal must be dismissed "if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." *Id*.

Multiple rules govern how to supplement a trial record that is missing the proper certification of the defendant's right of appeal. The rules refer to each other and provide a comprehensive scheme to ensure that a defendant is not denied the right of appeal because of an administrative mistake that is beyond the defendant's control. Rule 25.2(f) provides that an omitted certification may be filed in the appellate court in accordance with Rule 37.1, or at any time before the appealing party's brief is filed if the court of appeals has not used Rule 37.1. Tex. Rule App. Proc. 25.2(f). Rule 37.1 provides that, if the appellate clerk determines that the certification of the defendant's right of appeal is defective, the appellate clerk must notify the parties of the defect so that it can be remedied. Tex. Rule App. Proc. 37.1. If the defect is not remedied within 30 days of that notice, the clerk must refer the matter to the appellate court to make the "appropriate order" under Rule 37.1 or Rule 34.5(c). Rule 34.5 sets out the procedure by which a court or party may direct the trial-court clerk to supplement the record. Under subsection (c)(1), the trial court, appellate court, or any party may,

---

[2] There is no explicit requirement in Rule 25.2(d) that the certification be signed by the trial judge: "The certification shall include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him." However, the language of Rule 25.2(e) could be read to indicate that a judge's signature on the certification was intended: "The trial court clerk must note on the copies of the notice of appeal and *the trial court's certification* of the defendant's right of appeal the case number and the date when each was filed." (Emphasis added.) Written documents created and filed by the trial court generally contain the signature of the judge.

by letter, direct the trial-court clerk to supplement the record with the omitted certification. Tex. Rule App. Proc. 34.5(c)(1). Under subsection (c)(2), the appellate court may order the trial court to prepare and file the certification of the defendant's right of appeal, and the trial-court clerk must prepare and file in the appellate court a supplemental record containing the certification. Tex. Rule App. Proc. 34.5(c)(2).

Finally, Rules of Appellate Procedure 44.3 and 44.4 set limits on when an appellate court may dismiss an appeal because of a procedural defect. Rule 44.3 states that an appellate court must not dismiss an appeal for formal defects or irregularities in appellate procedure without allowing reasonable time for correction. Rule 44.4 states that an appellate court must not dismiss an appeal if the trial court's error prevented the proper presentation of the appeal and the trial court can correct the error. Further, subsection (b) of that rule requires the appellate court in those circumstances to "direct the trial court to correct the error." Tex. Rule App. Proc. 44.4(b). In the context of the certification of the defendant's right of appeal, this Court has previously stated that "[Rules 44.3 and 44.4] reflect a strong interest in ensuring that a defendant's right to appeal is not abridged due to 'defects or irregularities'" that can be corrected. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005).

## B. Application

In this cause, the trial court was required to enter a judgment of guilt and, with it, a certification of the defendant's right of appeal. *See* Tex. Rule App. Proc. 25.2(a)(2). But the court failed to file the certification. When the appellate clerk saw that the certification was not in the record, the clerk correctly notified the trial-court clerk of the omission and directed that person to file the necessary supplementation, pursuant to Rules 37.1 and 34.5(c)(1). Despite the letter from

the appellate clerk, neither the trial court nor the trial-court clerk supplemented the record within 30 days. Under the appellate rules, the next step for the appellate court was to issue an order directing the trial court to provide the certification. *See* Tex. Rules App. Proc. 34.5(c)(2) and 44.4. Instead, the appellate court dismissed appellant's appeal, pursuant to Rule of Appellate Procedure 25.2(d).

Under Rule of Appellate Procedure 37.1, if the trial-court clerk does not file the certification after notice from the appellate clerk, as was the case here, the appellate clerk "must refer the matter to the appellate court, which will make an appropriate order under this rule or Rule 34.5(c)(2)." The "appropriate order" under Rule 34.5(c)(2) is an order from the appellate court directing the trial court to file the certification of the defendant's right of appeal. Neither Rule 37.1 nor Rule 34.5(c)(2) mentions dismissal as an "appropriate order" in these circumstances.

The appellate court in this case held that it was compelled by Rule of Appellate Procedure 25.2(d) to dismiss the appeal. That rule states, "[t]he appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record *under these rules.*" (Emphasis added.) The preceding sentence in subsection (d) specifies the rules under which the record may be supplemented by an omitted certification, including by order of the appellate court under Rule 34.5(c)(2). *See* Tex. Rule App. Proc. 25.2(d). The appellate court should have first exhausted the avenues provided in the enumerated rules by which the defective record could have been supplemented with a certification from the trial court. Taken in conjunction with Rule 44.4, which prohibits an appellate court from dismissing if the trial court's error is remediable, dismissal in this case was inappropriate.

### III. Conclusion

Because the court of appeals should have ordered the trial court to supplement the record

with the certification of the defendant's right of appeal rather than dismiss the appeal, we reverse this cause and remand it to the court of appeals so that it may order the trial court to file the required certification.

Delivered:  September 18, 2013
Publish