**Order entered December 5, 2013**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-00936-CR

**BEDROS NOBAR MINASSIAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-54609-P**

## ORDER

On September 12, 2013, this Court ordered the trial court to prepare and file a certification of appellant's right to appeal that accurately reflects the revocation proceedings. To date, we have not received the certification, which is required by Texas Rule of Appellate Procedure 25.2. When we did not receive the certification by October 15, 2013, we ordered the trial court to prepare one and to file it with the Court. To date the Court has not received the certification of appellant's right to appeal which Texas Rule of Appellate Procedure requires the trial court to prepare. Moreover, appellant's brief is overdue in this appeal.

Accordingly, the Court **ORDERS** the Honorable Teresa Hawthorne, presiding judge of the 203rd Judicial District Court to prepare a certification of appellant's right to appeal that

accurately reflects the revocation proceedings in this case. *See Cortez v. State*, 2013 WL 5220904 (Tex. Crim. App. Sept. 18, 2013).

The Court **ORDERS** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Teresa Hawthorne, Presiding Judge, 203rd Judicial District Court, and to counsel for all parties.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     DAVID EVANS
         JUSTICE