**Order entered October 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00996-CR
No. 05-14-00997-CR
No. 05-14-00998-CR

**MICHAEL JERARD RICHARDSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 416-82939-2012, 416-82940-2012, 416-82942-2012**

## ORDER

On August 22, 2014, the Court ordered the trial court to prepare certifications of appellant's right to appeal that accurately reflect the trial court proceedings. On August 29, 2014, the Court received supplemental clerk's records that contain certifications that were not completed. Therefore, we sent a letter to the trial court informing it of the incomplete certifications and asking for completed certifications. To date, we have not received completed certifications.

The Court also has before it court reporter Kristen Kopp's October 6, 2014 second request for an extension of time to file the reporter's record. We **DENY** Ms. Kopp's second extension request.

We **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order. We further **ORDER** that the trial court prepare and file with its findings complete and accurate certifications of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a)(, (d), *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013).

The appeals are **ABATED** to allow the trial court to comply with this order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/    ADA BROWN
JUSTICE