**Order entered October 29, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00836-CR
No. 05-14-00837-CR
No. 05-14-00838-CR

**MATTHEW LOUIS REESE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-00306-P, F13-60347-P, F13-00723-P**

## ORDER
Before Chief Justice Wright and Justices Fillmore and Evans

On August 7, 2014, the Court dismissed these appeals for want of jurisdiction because the trial court certified the cases involved plea bargains and appellant did not have the right to appeal. The Court now has before it appellant's motion for rehearing in which appellant asserts the trial court told appellant he would be allowed to appeal the order cumulating the sentences. Appellant had filed an excerpt of the June 19, 2014 hearing at which the trial judge said the stacking orders were not part of the plea agreement and, therefore, appellant could appeal them. We note that appellant is represented by the same counsel on appeal as he was at trial, and counsel did not obtain amended certifications of appellant's right to appeal that reflect the trial

court's statement about the order stacking the sentences. In our order granting the extension of time to file the motion for rehearing, we notified the State that its response was due within ten days. The State did not respond.

Accordingly, we **GRANT** the motion for rehearing. We **WITHDRAW** our opinion and **VACATE** our judgment of August 7, 2014. We **REINSTATE** the appeals as follows.

We **ORDER** the trial court to make findings regarding:

- Whether, despite the plea agreements, the trial court granted appellant the right to appeal these cases. If the trial court finds that appellant was not granted the right to appeal the cases, it shall make a finding to that effect.

- If the trial court finds that appellant was granted the right to appeal the cases, the trial court shall make a finding as to scope of that right to appeal. Further , the trial court shall prepare amended certifications of appellant's right to appeal that specifically identifies the scope of appellant's right to appeal the cases. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013).

We **ORDER** the trial court to transmit a record containing its written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. We further **ORDER** that if the trial court finds appellant has the right to appeal, the supplemental record must contain the trial court's amended certifications of appellant's right to appeal that accurately reflect the scope of appellant's right to appeal these cases.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Teresa Hawthorne, Presiding Judge, 203rd Judicial District Court; Allan Fishburn; and Michael Casillas, Dallas County District Attorney's Office.

We **ABATE** the appeals to allow the trial court to comply with this order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received.

/s/     CAROLYN WRIGHT
           CHIEF JUSTICE