

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ENRIQUE MARTINEZ, | § | No. 08-12-00320-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 41st District Court |
| THE STATE OF TEXAS, | § | |
| | § | of El Paso County, Texas |
| Appellee. | § | |
| | § | (TC# 20120D02642) |
| | § | |

## MEMORANDUM OPINION

Enrique Martinez is attempting to appeal his convictions for violating his civil-commitment requirements.[1] Texas Rule of Appellate Procedure 25.2(a)(2) requires that the trial court enter its certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). The certification should be made a part of the record when notice of appeal is filed but may be added by timely amendment or supplementation or by order of this Court. TEX. R. APP. P. 25.2(d). When a trial court's certification of right to appeal is not present in the record on appeal, an appellate court should order

---

[1] Appellant filed his notice of appeal in cause number 20100D00620 on October 31, 2012. However, that cause was dismissed on October 30, 2012 and refiled under cause number 20120D02642. As cause number 20120D02642 is the active case on appeal, this Court's records have been modified to reflect the appropriate case on appeal.

the trial court to supplement the trial record with a certification of the defendant's right to appeal. *See Cortez v. State*, 420 S.W.3d 803, 804 (Tex.Crim.App. 2013). The appeal must be dismissed if a certification that shows the defendant has the right to appeal has not been made a part of the record under these rules. TEX. R. APP. P. 25.2(d).

By letter dated October 24, 2014, the Clerk of this Court notified the trial court, Appellant, the State, and the District Clerk that the notice of appeal and record in this case is defective because no certification of right to appeal had been made a part of the record in accordance with Rule 25.2(a)(2) and 25.2(d). The Clerk's letter advised Appellant of the requirement that he remedy the defect within ten days of the Clerk's letter, and directed the District Clerk to file a supplemental clerk's record on or before November 8, 2014, or the Court would dismiss the appeal without further written notice.

On November 7, 2014, the District Clerk informed the Court that a supplemental clerk's record could not be delivered to the Court because no certification of defendant's right to appeal had been filed on record for the case. Thereafter, personnel in the office of Appellant's attorney advised the Court that the certification issue was being addressed. Based on those communications, the Court did not dismiss the appeal and provided additional time to ensure the filing of the certification with the District Clerk for inclusion in the record on appeal.

On November 24, 2014, the Clerk of the Court again notified Appellant that no certification of defendant's right to appeal had been made a part of the record, and noted that the Court deferred dismissing the case to provide Appellant an opportunity to file the certification. The letter informed Appellant of the Court's intent to dismiss the appeal if the certification was not filed by December 5, 2014. On December 5, 2014, the District Clerk again advised the Court that

2

it could not file a supplemental clerk's record because no certification had been filed of record in the case.

No certification of Appellant's right to appeal has been made a part of the record on appeal. Accordingly, the appeal is dismissed. TEX. R. APP. P. 25.2(d).


                                        YVONNE T. RODRIGUEZ, Justice

December 19, 2014

Before McClure, C.J., Rodriguez, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment

(Do Not Publish)