**Order entered January 16, 2015**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00977-CR

### GERARDO GOMEZ-MACIEL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-32880-M**

## ORDER

The reporter's record was due in this appeal on November 15, 2014. By notice dated December 16, 2014, the Court notified court reporters Sharina Fowler, Belinda Baraka, and Andrea Reed that the record tendered on December 16, 2014 had to be corrected because Volume 1 was incomplete and Volume 7 was corrupted. On January 6, 2015, the Court notified court reporters Sharina Fowler, Belinda Baraka, and Andrea Reed that the record tendered on that date was defective because Volume 5 was missing a proper electronic signature and the exhibits were not bookmarked. To date, a complete reporter's record correcting the noted deficiencies has not been filed.

Accordingly, the Court **ORDERS** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

The appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.


/s/     ADA BROWN
        JUSTICE