**Order entered February 9, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00081-CR
No. 05-15-00126-CR

**DEJUAN GEIL HOLLIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-51945-U, F-13-52021-U**

## ORDER

The Court has before it appellant's letter asking if counsel has been appointed for him in these cases. The documents before the Court show that appellant filed a pro se notice of appeals in the above cases following his conviction. The notices of appeal were docketed in this Court, but it does not appear counsel has been either retained or appointed for appellant. Additionally, the Court has not received the trial court's certifications of appellant's right to appeal, so it is not clear whether appellant may appeal his convictions. The clerk's and reporter's records are due by February 10, 2015, but it is also not clear whether appellant requested preparation of the records.

Accordingly, we **ORDER** the trial court to make findings regarding the following.

- The trial court shall first determine whether appellant is entitled to appeal the convictions. The trial court shall prepare certifications of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013). Moreover, if the trial court certifies that appellant is not entitled to appeal, the trial court shall provide the written document that shows the basis for that certification.

- If the trial court determines that appellant is entitled to appeal the convictions, the trial court shall determine whether is indigent and entitled to court-appointed counsel. If the trial court finds that appellant is indigent, we **ORDER** the trial court to appoint counsel to represent counsel to represent appellant in these appeals. If the trial court finds that appellant is not indigent, the trial court shall determine whether appellant has retained counsel and, if so, the name, State Bar number, and contact information for retained counsel.

- With regard to the clerk's and reporter's records, the trial court shall determine: (1) whether appellant requested preparation of the clerk's and reporter's records; (2) if appellant is not indigent, whether he has paid or made payment arrangements for the clerk's and reporter's records; and (3) the names of all court reporters who recorded proceedings in the cases.

We **ORDER** the trial court to transmit a record containing its written findings of fact, any supporting documentation and any orders to this Court within **THIRTY DAYS** of the date of this order. We further **ORDER** that the trial court include its certifications of appellant's right to appeal with the record containing its findings of fact.

We **ABATE** the appeals to allow the trial court to comply with this order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received.

/s/    LANA MYERS
        JUSTICE