**Order entered May 18, 2015**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01427-CR

**BERTHA MANCILLA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-24729-T**

## ORDER

The reporter's record is overdue in this appeal. We also note that the clerk's record does not contain the trial court's certification of appellant's right to appeal. Accordingly, we **ORDER** the following.

We **ORDER** the trial court to prepare a certification of appellant's right to appeal that accurately reflects the trial court proceedings. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013).

We further **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order. We further **ORDER** that the supplemental record with the findings contain the trial court's certification of appellant's right to appeal.

The appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     ADA BROWN
          JUSTICE