**Order entered July 21, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01427-CR

### BERTHA MANCILLA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-24729-T**

## ORDER

The Court **REINSTATES** the appeal.

On May 18, 2015, this Court ordered the trial court to make findings of fact regarding why the reporter's record has not been filed. We also ordered the trial court to prepare and file a certification of appellant's right to appeal. To date, we have not received the findings, the certification, the reporter's record, or a response to either of two letters inquiring about the status of the findings. The appeal cannot proceed until the issue of the reporter's record is resolved.

Accordingly, we **ORDER** the trial court to prepare a certification of appellant's right to appeal that accurately reflects the trial court proceedings. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013).

We further **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **TWENTY DAYS** of the date of this order. We further **ORDER** that the supplemental record with the findings contain the trial court's certification of appellant's right to appeal.

We **DIRECT** the Clerk to send copies of this order to the Honorable Rick Magnis, Presiding Judge, 283rd Judicial District Court; Mary Snider, official court reporter, 283rd Judicial District Court; and to counsel for all parties.

The appeal is **ABATED** to allow the trial court to comply with this order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/    ADA BROWN
         JUSTICE