

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00109-CR

## EX PARTE ANTONIO GIL

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 32832-CR

## ABATEMENT ORDER

On April 6, 2016, appellant, Antonio Gil, filed his pro se notice of appeal, challenging the trial court's February 17, 2016 denial of his application for writ of habeas corpus. Thereafter, on April 21, 2016, the Clerk's Record was filed. Upon reviewing the record, we did not find a certification of appellant's right to appeal from the denial of his habeas-corpus application.

On May 26, 2016, we informed appellant that the record does not contain a certification of his right of appeal and requested that he cause the certification to be filed in a Supplemental Clerk's Record within thirty days. Appellant did not respond to our letter.

Subsequently, on July 12, 2016, we sent a notice to the trial judge requesting that the trial-court clerk file a Supplemental Clerk's Record containing the certification within twenty-eight days of this letter. Two days later, a Supplemental Clerk's Record containing a certification was filed. However, upon closer inspection, the certification is problematic.

First, the certification is file stamped April 26, 2010, which predates appellant's habeas-corpus application by almost six years. Additionally, the certification does not indicate whether appellant has the right to appeal. And finally, the certification is not signed by appellant.

Texas Rule of Appellate Procedure 25.2(d) provides that:

> If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). The certification shall include a notice that the defendant has been informed of [her] rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review. This notification shall be signed by the defendant, with a copy given to [her]. The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2).

TEX. R. APP P. 25.2(d) (emphasis added). Here, we do not have an effective certification of appellant's right of appeal with respect to the denial of his habeas-corpus application.[1]

---

[1] The Clerk's Record reveals that Senior District Judge F.B. (Bob) McGregor Jr. signed the order denying appellant's habeas-corpus application on February 17, 2016.

In *Cortez v. State*, the Texas Court of Criminal Appeals outlined the procedure for obtaining a proper certification under the Texas Rules of Appellate Procedure. *See* 420 S.W.3d 803, 806-07 (Tex. Crim. App. 2013). The first step, as was undertaken in this matter, is to notify the trial judge and the trial court clerk of the defective certification and to direct supplementation of the record. *See* TEX. R. APP. P. 34.5(c)(2); *see also Cortez*, 420 S.W.3d at 806. Because we have concluded that appellant's 2010 certification is not effective with respect to his habeas application, and because we have not yet received a compliant certification in this matter, we must move to the second step in *Cortez. See* TEX. R. APP. P. 25.2(d); *see also Cortez*, 420 S.W.3d at 806.

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court may utilize whatever means its finds necessary to secure and file with this Court a certificate of right of appeal that complies with Rule 25.2(d), including the requirement that it indicate appellant's appellate rights and that it be signed by appellant. *See* TEX. R. APP. P. 25.2(d). Once properly completed and executed, the certification shall be included in a Supplemental Clerk's Record. *See id.* at R. 34.5(a)(12). The trial court shall cause the Supplemental Clerk's Record to be filed with the Clerk of this Court within forty-two days of the date of this order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed August 10, 2016
Do not publish
[CR25]

