

# Fourth Court of Appeals
## San Antonio, Texas

October 11, 2016

No. 04-16-00543-CR

David Gerardo **RINCON,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No 2, Webb County, Texas
Trial Court No. 2014CRB000880 L2
Honorable Jesus Garza, Judge Presiding

# O R D E R

A jury found appellant David Gerardo Rincon guilty of the offense of Driving While Intoxicated, Class B, and assessed his punishment at 150 days in jail and a $2,000.00 fine. The trial court entered a judgment after verdict. Appellant timely filed a notice of appeal, but the clerk's record does not contain a trial court's certification of defendant's right of appeal.

"The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). Generally, a trial court's judgment after verdict is a judgment of guilt and is an appealable order. *See id.*; *Cortez v. State*, 420 S.W.3d 803, 805 (Tex. Crim. App. 2013); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 33.1.

Therefore, we ORDER the presiding judge of County Court at Law No. 2 of Webb County, Texas to (1) sign a completed certification indicating whether the defendant has a right of appeal and (2) forward it to the Webb County Clerk within TWENTY DAYS of the date of this order.

We FURTHER ORDER the Webb County Clerk to file a supplemental clerk's record containing the trial court's certification of the defendant's right of appeal in this court within TEN DAYS after the trial court provides the certification to the clerk. *See* TEX. R. APP. P. 34.5(c)(2).

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of October, 2016.

Keith E. Hottle
Clerk of Court