**Order entered December 6, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-01439-CR

**GUILLERMO DE JES BERRIOS-HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F14-76828-Y**

## ORDER

We **REINSTATE** this appeal.

The notice of appeal in this case was filed November 24, 2015. By order dated April 22, 2016, we noted the reporter's record was overdue and that the clerk's record did not contain the trial court's certification of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013). We ordered the trial court to (1) prepare a certification of appellant's right to appeal that accurately reflects the trial court proceedings and (2) to make findings of fact regarding the reporter's record. Despite a request for a status update, the Court has not received the necessary information for this appeal to proceed.

We **ORDER** the trial court to prepare a certification of appellant's right to appeal that accurately reflects the trial court proceedings and to **FILE** said certification in a supplemental clerk's record within **FIFTEEN DAYS** of the date of this order.

We further **ORDER** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeal, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeal.

- The trial court shall next determine: (1) the name and address of each court reporter who recorded the proceedings in this cause; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **FIFTEEN DAYS** of the date of this order.

We again **ABATE** this appeal to allow the trial court to comply with this order. The appeal shall be reinstated fifteen days from the date of this order or when the findings are received, whichever is earlier.

We **DIRECT** the Clerk to send copies of this order to the Honorable Elizabeth Frizell, Presiding Judge, Criminal District Court No. 7; Vearneas Faggett, official court reporter, Criminal District Court No. 7; and counsel for all parties.


/s/     ADA BROWN
         JUSTICE