

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RIVER MASCARI, | § | No. 08-16-00279-CR |
| Appellant, | § | Appeal from the |
| | § | 210th District Court |
| v. | § | of El Paso County, Texas |
| THE STATE OF TEXAS, | § | (TC# 20120D06121) |
| State. | § | |
| | § | |

RIVER MASCARI,

Appellant,

v.

THE STATE OF TEXAS,

State.

§ No. 08-16-00279-CR

§ Appeal from the

§ 210th District Court

§ of El Paso County, Texas

§ (TC# 20120D06121)

§

## **O R D E R**

The trial court judge has verbally informed the Clerk's Office that Appellant does not have a right to appeal. The trial court has not, however, entered a written certification of the Appellant's right to appeal as required by the Rules of Appellate Procedure. *See* TEX.R.APP.P. 25.2(d), Appendix D. Accordingly, the trial court is ordered to enter the required certification and file it with the trial court clerk within thirty days of the date of this order. *See Cortez v. State*, 420 S.W.3d 803 806-07 (Tex.Crim.App. 2013). If the trial court is unable to obtain the defendant's signature on the certification, the trial court should nevertheless certify whether Appellant has a right to appeal and file the certification without the Appellant's signature. The trial court clerk shall provide a copy of the certification to this Court as soon as possible, but not later than three days after it is filed. *See* TEX.R.APP.P. 25.2(e).

IT IS SO ORDERED this 7th day of December, 2016.

PER CURIAM

Before McClure, C.J., Rodriguez and Hughes, JJ.