

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00262-CR

## EX PARTE JOHN TIMOTHY BRANTLEY

**From the County Court at Law
Walker County, Texas
Trial Court No. 16-0339A**

## O R D E R

On August 8, 2016, John Timothy Brantley filed a notice of appeal challenging the trial court's August 1, 2016 denial of his application for writ of habeas corpus. On September 1, 2016, we informed Appellant, the trial court, and the trial court clerk that the record does not contain a certification of his right of appeal and requested that the certification to be filed in a Supplemental Clerk's Record within thirty days. This Court has not received the certification of Appellant's right to appeal.

Texas Rule of Appellate Procedure 25.2(d) provides that:

If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). The certification shall include a notice that the defendant has been informed of

[her] rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review.  This notification shall be signed by the defendant, with a copy given to him.  The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2).

TEX. R. APP P. 25.2(d) (emphasis added).

Pursuant to *Cortez v. State*, under Rule of Appellate Procedure 37.1, if the trial-court clerk does not file the certification after notice from the appellate clerk, as was the case here, the appellate clerk "must refer the matter to the appellate court, which will make an appropriate order under this rule or  Rule 34.5(c)(2)." *Cortez v. State*, 420 S.W.3d 803, 807 (Tex. Crim. App. 2013).  Consequently, we abate the appeal and remand the cause to the trial court for further proceedings.  On remand, the trial court may utilize whatever means its finds necessary to secure and file with this Court a certificate of right of appeal that complies with Rule 25.2(d), including the requirement that it indicate appellant's appellate rights and that it be signed by appellant.  *See* TEX. R. APP. P. 25.2(d).  Once properly completed and executed, the certification shall be included in a Supplemental Clerk's Record.  *See id.* at R. 34.5(a)(12).  The trial court shall cause the Supplemental Clerk's Record to be filed with the Clerk of this Court within forty-two days of the date of this order.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal abated
Order issued and filed December 7, 2016
Do not publish
[CR25]

