

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RAYMUNDO CARRANZA, | § | No. 08-16-00298-CR |
| Appellant, | § | Appeal from the |
| | § | 409th District Court |
| v. | § | of El Paso County, Texas |
| THE STATE OF TEXAS, | § | (TC# 20150D00299) |
| State. | § | |
| | § | |

**O R D E R**

The clerk's record filed in this appeal does not include a certification of the defendant's right to appeal. Consequently, on January 9, 2017, the Court entered an order for the trial court to enter a certification of the Appellant's right to appeal, with respect to Counts I and II only, as required by Rule 25.2(d) of the Texas Rules of Appellate Procedure. *See Cortez v. State*, 420 S.W.3d 803 (Tex.Crim.App. 2013)(when a certification of the right to appeal has not been entered, courts of appeals are required to order trial court to prepare and file the certification rather than dismiss the appeal). A supplemental record containing the certification was due to be filed in this Court by January 30, 2017. The El Paso County District Clerk has informed the Court that the supplemental record could not be filed because the certification has not been filed.

The trial court's certification of the Appellant's right to appeal is required in order for this appeal to continue. Further, this Court is required to ensure that the trial courts comply with the

1

requirements of Rule 25.2(d).  Accordingly, the Court, on its own motion, extends the time for filing the certification pertaining to Counts I and II to March 2, 2017.  Further, we abate the appeal and remand the cause to the trial court for preparation and filing of the certification.  The trial court is ORDERED to prepare and file a certification of the Appellant's right to appeal with the El Paso County District Clerk.  The certification form is included as Appendix D to the Texas Rules of Appellate Procedure and the form is available on the Eighth Court of Appeals' website for the convenience of the parties and the trial court.  In the event the trial court is unable to obtain the signature of the Appellant on the certification, the trial court is directed to prepare and file the certification without the Appellant's signature.  The Court will take steps to ensure that Appellant is informed of his right to file a pro se petition for discretionary review.

IT IS SO ORDERED this 31st day of January, 2017.


PER CURIAM


Before McClure, C.J., Rodriguez and Palafox, JJ.