

# Fourth Court of Appeals
## San Antonio, Texas

July 30, 2018

No. 04-18-00514-CR

Ramiro **CASTILLO-RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. 16-CR-271
Honorable Martin Chiuminatto, Judge Presiding

## O R D E R

A jury found appellant Ramiro Castillo-Ramirez guilty of the offense of aggravated sexual assault and assessed his punishment as confinement for ten years in the Texas Department of Criminal Justice and a $5,000.00 fine. The trial court entered a judgment after verdict. Appellant sought permission from the Court of Criminal Appeals for an out-of-time appeal, and the request was granted. Appellant timely filed a notice of appeal, but the clerk's record does not contain a trial court's certification of defendant's right of appeal.

"The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." TEX. R. APP. P. 25.2(a)(2). Generally, a trial court's judgment after verdict is a judgment of guilt and is an appealable order. *See id.*; *Cortez v. State*, 420 S.W.3d 803, 805 (Tex. Crim. App. 2013); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); TEX. R. APP. P. 33.1.

Therefore, we ORDER the presiding judge of the 381st District Court of Starr County, Texas to (1) sign a completed certification indicating whether the defendant has a right of appeal and (2) forward it to the Starr County Clerk within TWENTY DAYS of the date of this order.

We FURTHER ORDER the Starr County Clerk to file a supplemental clerk's record containing the trial court's certification of the defendant's right of appeal in this court within

TEN DAYS after the trial court provides the certification to the clerk.  *See* Tex. R. App. P. 34.5(c)(2).

_____
Patricia O. Alvarez, Justice

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 30th day of July, 2018.

_____
Keith E. Hottle
Clerk of Court