

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00252-CR

**WILLIAM MAYNARD HAYNES,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 2017-1790-CR2**

## O R D E R

On September 12, 2018, the clerk's record was filed in this appeal, and no certificate of defendant's right of appeal was included in the clerk's record. By letter dated September 19, 2018, the trial court clerk was notified by the Clerk of this Court that a certification of defendant's right of appeal had not been provided to this Court. The Clerk requested the trial court clerk to file a supplemental clerk's record containing the trial court's certification of defendant's right of appeal within 14 days from the date of the

letter. More than 14 days have passed, and no supplemental clerk's record containing the trial court's certification has been filed.

In accordance with *Cortez v. State*, the Clerk has now referred the matter to the Court for further action. *See Cortez v. State*, 420 S.W.3d 803, 807 (Tex. Crim. App. 2013) ("if the trial-court clerk does not file the certification after notice from the appellate clerk, … the appellate clerk 'must refer the matter to the appellate court, which will make an appropriate order….' The 'appropriate order' … is an order from the appellate court directing the trial court to file the certification of the defendant's right of appeal."). *See also* TEX. R. APP. P. 25.2(d).

Accordingly, the TRIAL COURT is ORDERED to provide the trial court clerk with a certification of defendant's right of appeal within 14 days from the date of this Order.

The TRIAL COURT CLERK is ORDERED to file a supplemental clerk's record containing the trial court's certification with this Court within 21 days from the date of this Order.

PER CURIAM



Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Certification ordered
Order issued and filed October 17, 2018