# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00731-CR

### Ex parte Stephen Hall

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. D-1-DC-18-900109, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Stephen Hall was charged with online harassment for allegedly using the names of others without their consent to post or send messages through social networking sites or through Austin Eye's "Google business page" with the intent to harm, defraud, intimidate, or threaten Austin Eye. *See* Tex. Penal Code § 33.07(a). After being charged, Hall filed a pretrial application for writ of habeas corpus alleging that section 33.07 of the Penal Code is unconstitutional. *See* Tex. Code Crim. Proc. art. 11.08. The district court convened a hearing and issued an order denying Hall's writ application "on the merits." Hall appeals the district court's ruling.

The clerk's record does not contain a certification of Hall's right of appeal pertaining to the order denying habeas relief. *See* Tex. R. App. P. 25.2(a)(2) (obligating trial court to enter certification of defendant's right of appeal "each time it enters a judgment of guilt or other appealable order"), (d) (requiring record to include trial court's certification); *see also Ex parte Chapa*, No. 03-18-00104-CR, 2018 WL 3999741, at *1, *2 n.2 (Tex. App.—Austin Aug. 22, 2018,

pet. ref'd) (mem. op., not designated for publication) (specifying that denial of "pretrial application for writ of habeas corpus" is "an appealable order"). Accordingly, we abate this appeal and remand the case to the district court either to issue a certification of Hall's right of appeal or issue findings of fact and conclusions of law explaining why no certification is required in this case. *See* Tex. R. App. P. 25.2(a)(2), 44.4; *see also Cortez v. State*, 420 S.W.3d 803, 804 (Tex. Crim. App. 2013) (explaining that if trial court's certification is not present in appellate record, reviewing court should order trial court to supplement record with certification). The district court is instructed to forward to this Court a supplemental clerk's record containing the certification or the findings and conclusions no later than April 1, 2019. *See* Tex. R. App. P. 34.5(c)(2).

It is ordered on March 1, 2019.


Before Justices Goodwin, Baker, and Triana

Abated and Remanded

Filed: March 1, 2019

Do Not Publish

2