# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00523-CR

**Ex parte Judy Morales**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C14-02036, THE HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Judy Morales seeks to appeal the trial court's denial of her application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.072, § 8. We abate this appeal for the following reasons.

*The Trial Court's Order*

The clerk's record contains an order signed by the trial court denying habeas relief. The order simply recites that "Appellant's Writ of Habeas Corpus is DENIED." However, section 7(a) of article 11.072 of the Texas Code of Criminal Procedure provides that "the court shall enter a written order including findings of fact and conclusions of law." Tex. Code Crim. Proc. art. 11.072, § 7(a). The order entered by the trial court here does not include the requisite finding of fact and conclusions of law.[1] In light of the mandatory language of

---

[1] In full, section 7(a) of article 11.072 provides:

section 7(a) and in light of the prior determination by this Court, we must abate this appeal for the trial court to enter an order with the requisite findings of facts and conclusions of law in accordance with article 11.072, section 7(a).

*The Trial Court's Certification*

The clerk's record in this appeal does not contain the required trial court certification of appellant's right of appeal concerning the order denying habeas relief. *See* Tex. R. App. P. 25.2(a)(2) (mandating trial court to enter certification of defendant's right of appeal "each time it enters a judgment of guilt or other appealable order"), (d) (requiring record to include trial court's certification). The clerk's record does contain a trial court certification reflecting that appellant has no right of appeal because it is a plea-bargain case and that appellant

---

> If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law. The court may require the prevailing party to submit a proposed order.

Tex. Code Crim. Proc. art. 11.072, § 7(a).

In connection with this application for writ of habeas corpus, the trial court previously entered an order reflecting the denial of appellant's application with a checkmark by the ruling "DENIED" with a handwritten notation that said "11.072 Sec 7(a)" next to the word "DENIED." Because the order entered did not explicitly deny the application as frivolous nor did it include findings of fact and conclusions of law, we abated the appeal and remanded the case to the trial court for entry of an order that specified the grounds for denial and, if not frivolousness, the findings of fact and conclusions of law that section 7(a) of article 11.072 requires.

On remand, the trial court entered an order denying appellant's habeas application as frivolous. However, this Court concluded that the trial court erred in denying the application as frivolous "[b]ecause the application and its attachments, on their face, [did] not establish that [appellant] was manifestly not entitled to relief." *Ex parte Morales*, No. 03-17-00461-CR, 2018 WL 4171271, at *4 (Tex. App.—Austin Aug. 31, 2018, no pet.) (mem. op., not designated for publication). We reversed the trial court's order and remanded the case for further proceedings. The record in this appeal indicates that the trial court subsequently conducted a hearing on appellant's habeas application and then entered the order now being appealed.

2

waived her right to appeal. However, that certification relates to appellant's order of deferred adjudication, not the order denying the application for habeas corpus now being appealed.[2] Because the clerk's record does not contain the necessary trial court certification of appellant's right of appeal as to the order denying habeas relief, we must abate the appeal. *See* Tex. R. App. P. 34.5(c)(2) (providing that appellate court may order trial court to prepare and file certification of defendant's right of appeal, and trial-court clerk must prepare and file supplemental record containing certification in appellate court), 44.4 (prohibiting appellate court from dismissing appeal if trial court can correct failure to act); *see also Cortez v. State*, 420 S.W.3d 803, 807 (Tex. Crim. App. 2013) (explaining that if trial court's certification is absent from appellate record, appellate court should order trial court to supplement record with certification instead of dismissing appeal).

Accordingly, we abate this appeal and remand the case to the trial court for entry of an order that includes findings of facts and conclusions of law as required by section 7(a) of article 11.072 of the Code of Criminal Procedure, *see* Tex. Code Crim. Proc. art. 11.072, § 7(a), and a certification of appellant's right of appeal from the order denying habeas corpus relief as required by Rule 25.2(a)(2), *see* Tex. R. App. P. 25.2(a)(2), 44.4. A supplemental clerk's record containing the trial court's order and the trial court's certification shall be filed with this Court no later than October 24, 2019. *See* Tex. R. App. P. 34.5(c)(2).

It is so ordered on September 24, 2019.

---

[2] The Clerk of this Court contacted the trial-court clerk, requesting a supplemental clerk's record containing the trial court's certification. The clerk's response referred us to the certification in the record relating to the order of deferred adjudication.

Before Chief Justice Rose, Justices Triana and Smith

Abated and Remanded

Filed:   September 24, 2019

Do Not Publish