**Order entered September 13, 2021**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00447-CR

## EX PARTE DONTE TAYLOR

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02294-2021**

## ORDER

On August 30, 2021, we notified the trial court that the clerk's record in this appeal does not contain the trial court's certification of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a) ("The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order other than an order appealable under Code of Criminal Procedure Chapter 64."), (d) ("If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2)."); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013). We requested the trial court file the completed certification of appellant's right to

appeal within ten days of the date of our letter. The trial court responded by letter, informing the Court that because this was a "civil bond hearing," no certification was signed.

The clerk's record shows that appellant filed an application for pretrial writ of habeas corpus under article 17.151 of the Texas Code of Criminal Procedure, complaining that he had been in custody since January 12, 2021, had not been indicted, and was still in custody. He requested a bond be set. By order dated May 24, 2021, the trial court adopted the State's findings of fact and conclusions of law which stated, in pertinent part:

- Appellant was arrested in Denton, Texas, on January 12th, 2021, on four charges of aggravated assault deadly weapon and one charge of murder. The four aggravated assault offenses arise out of Denton County, Texas. The murder charge is out of Collin County.
- The 158th Judicial District Court in Denton County set bond at $50,000 for each of appellant's aggravated assaults; he has not posted bond on those charges.
- Appellant has been in continuous custody since January 12, 2021; he was initially in custody in Denton County Jail from January 12, 2021, until April 9, 2021, at which time he was transferred to Collin County Jail on his charge of murder. He has remained in Collin County Jail since that date.
- After appellant filed an initial writ of habeas corpus, his bond was lowered from $1,000,000 to $750,000. On May 3, 2021, appellant filed a second application for a pretrial writ of habeas corpus.
- On May 20, 2021, appellant was indicted in Collin County on the charge of murder.

The record shows this is a criminal proceeding. *See Ex parte Lanclos*, 624 S.W.3d 923, 926 (Tex. Crim. App. 2021) (citing code of criminal procedure art.

17.151, section 1(1) for the proposition that a defendant who is detained in jail accused of a felony "must be released" on personal bond or by reducing the required amount of bail if the State is not ready for trial within 90 days). And the denial of a pretrial writ of habeas corpus is an appealable order. *See id.* Thus, under the rules of appellate procedure, the trial court "shall enter a certification of the defendant's right of appeal." We **ORDER** the trial court to complete a certification of appellant's right to appeal and cause the same to be filed with this Court within **TEN DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Andrea Thompson, Presiding Judge, 416th Judicial District Court, to Lynne Finley, Collin County District Clerk, and to counsel for all parties.


/s/    DENNISE GARCIA
        JUSTICE