

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

**ORDER OF ABATEMENT AND REMAND**

Appellate case name:     Donovan Jacob Farr v. The State of Texas

Appellate case number:   01-22-000318-CR

Trial court case number:   1675614

Trial court:              209th District Court of Harris County, Texas

The State has moved to dismiss or abate this appeal on the ground that the record does not contain a trial-court certification that the Appellant has the right to appeal. The Appellant likewise has moved to abate the appeal on this ground, requesting that we direct the trial court to execute a certification of appealability and supplement the record.

In the underlying case, the Appellant pleaded guilty to the offense of tampering with a government record. The trial court withheld a finding of guilt and placed the Appellant on deferred adjudication community supervision. The State later filed a motion to adjudicate guilt, and the Appellant pleaded that the allegations were not true. After a hearing, the trial court found that one of the State's allegations was true, adjudged the Appellant guilty, and assessed the Appellant's punishment at 10 years of incarceration.

The Appellant has appealed. But the appellate record does not contain a certification as to whether the Appellant has the right to appeal from the judgment following the adjudication hearing (as opposed from the initial judgment placing the Appellant on deferred adjudication community supervision). The Appellant represents that he did not waive his right to appeal from any proceeding to adjudicate his guilt and has indicated that the trial court did not prepare a certification as to whether he has the right to appeal.

The Texas Rules of Appellate Procedure require us to dismiss an appeal unless the record contains a written certification showing that the appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d). But when a certification of appealability has not been prepared,

1

an appellate court must instead order the trial court to prepare a certification of appealability. *See Cortez v. State*, 420 S.W.3d 803, 806–07 (Tex. Crim. App. 2013).

Thus, this Court grants the Appellant's motion to abate as well as the State's motion to dismiss or abate to the extent that it seeks abatement. This Court abates the appeal and remands the cause to the trial court for further proceedings. The trial court shall within 30 days of this order conduct a hearing at which a representative of the Harris County District Attorney's Office and the Appellant's counsel shall be present. The Appellant shall also be present for the hearing in person or, if he is incarcerated, at the trial court's discretion the Appellant may participate in the hearing by closed-circuit video teleconferencing.

We direct the trial court to:

(1) make a finding regarding whether or not the Appellant has the right to appeal;

(2) execute a certification of the Appellant's right to appeal indicating whether or not the Appellant has the right to appeal; and

(3) make any other findings and recommendations the trial court deems appropriate.

*See* TEX. R. APP. P. 25.2(a)(2), (d), 34.5(a)(12), (c)(2).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the certification of the Appellant's right to appeal and any other findings, recommendations, and orders of the trial court with this Court within 30 days of the date of the hearing. *See* TEX. R. APP. P. 34.5(c)(2). The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of the hearing.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This Court will issue an order reinstating the appeal on the active docket after the supplemental clerk's record and the reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature:/s/ Gordon Goodman
                    Acting individually

Date:  February 2, 2023

2