**Abatement Order filed July 28, 2015**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00529-CR
_____

**KORI LYNN HENEGAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1413242**

---

## ABATEMENT ORDER

Appellant timely appealed from a conviction for the offense of the use or possession of identifying information. On July 20, 2015, the trial court clerk filed the clerk's record, which contained a certification of appellant's right to appeal after appellant's guilty plea, but did not contain a certification of appellant's right to appeal addressing the judgment adjudicating guilt. *See* Tex. R. App. P. 25.2(a)(2), 34.5(a)(12); *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) ("The court of appeals must dismiss an appeal if a certification

showing that the defendant has the right to appeal is not made a part of the appellate record."). We therefore abate the case and order the trial court to execute a certification of appellant's right to appeal. *See* Tex. R. App. P. 34.5(c)(2), 37.1, 44.4; *Cortez v. State*, 420 S.W.3d 803, 806–07 (Tex. Crim. App. 2013).

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. Tex. R. App. P. 25.2(d); *Dears*, 154 S.W.3d at 613. In connection with this record, pursuant to Tex. R. App. P. 37.1 and 44.4, we abate this appeal and direct the trial court to file a certification of the defendant's right of appeal on the judgment adjudicating guilt with the trial court clerk and direct the clerk to prepare and file a supplemental clerk's record containing the corrected certification with this court within 30 days of the date of this order.

PER CURIAM