**Order entered October 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00817-CR

### VERNON ALLEN HULME, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 199th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 199-81996-2014

## ORDER

Appellant's brief is overdue in this appeal. Additionally, we note that none of the boxes is checked on the trial court's certification of appellant's right to appeal. Accordingly, we **ORDER** the following.

We **ORDER** the trial court to prepare a completed certification of appellant's right to appeal that accurately reflects the trial court proceedings. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013).

We further **ORDER** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See*

TEX. R. APP. P. 38.8(b).  If the trial court cannot obtain appellant's presence at the hearing, the trial court shall conduct the hearing in appellant's absence.  *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam).  If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order.  The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     ADA BROWN
        JUSTICE