**Order entered November 20, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01363-CR

**EDWIN CHARLES SALTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F14-39502-H**

## ORDER

The Court has before it appellant's pro se notice of appeal, filed on November 6, 2015 and appellant's November 6, 2015 motion to extend time to file his notice of appeal. The record reflects that appellant was sentenced in open court on August 11, 2015 following a jury trial as to both guilt and punishment. No written motion for new trial is in the clerk's record, but the record contains the trial court's August 12, 2015 "Findings of Fact on Motion for New Trial," which reference the trial court's denial of a motion for new trial. Additionally, the record does not contain the trial court's certification of appellant's right to appeal. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013). We also note the clerk's record does not contain an order appointing appellate counsel for appellant. Accordingly, to assist the Court in determining how to proceed, we **ORDER** the following.

- First, the trial court shall determine whether appellant filed a written motion for new trial, and, if so, the date on which the motion was filed. *See* TEX. R. APP. P. 21.4.

- If the trial court finds that appellant filed a written motion for new trial, the trial court shall next determine whether the written motion for new trial is in the possession of the Dallas County District Clerk and can be filed with this Court in a supplemental record.

- If the trial court determines that the motion for new trial is not in the possession of the Dallas County District Clerk, the trial court shall determine whether the parties can, by written stipulation, agree on a substituted copy of the motion for new trial. If the parties can agree on a substituted copy, the trial court shall order that the parties deliver the substituted copy, together with the written stipulation, to the Dallas County District Clerk for inclusion in a supplemental record.

- If the trial court finds the parties cannot agree on a substituted copy, the trial court shall determine what constitutes an accurate copy of the motion for new trial to be included in a supplemental clerk's record.

- The trial court shall next determine whether appellant desires to be represented by counsel and, if so, whether appellant is indigent and entitled to court-appointed counsel. If the trial court determines appellant does wish to have counsel and is indigent, we **ORDER** the trial court to appoint counsel to represent appellant. If appellant is not indigent, the trial court shall determine the name, State Bar number, and contact information for retained counsel. If appellant does not desire to be represented by counsel, we **ORDER** the trial court to do the following.

- The trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that he does not have the right to hybrid representation.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver

in substantially the form provided by article 1.051(g).  We further **ORDER** that the supplemental record contain the trial court's certification of appellant's right to appeal and the documents related to appellant's motion for new trial.

The appeal is **ABATED** to allow the trial court to comply with this order.  It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/     ADA BROWN
          JUSTICE