**Order entered October 26, 2016**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00693-CR

**JACOBO RAFAEL REYES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 065987**

## ORDER

The Court has before it appellant's pro se notice of appeal, filed on June 15, 2016. The record reflects appellant was charged with possession of one gram or more but less than four grams of cocaine. On June 6, 2016, appellant pleaded guilty and was sentenced to five years in prison, probated for five years, and a $1500 fine. The record contains the trial court's certification which states this is a plea-bargain case but matters were raised by written motion filed and ruled on before trial and appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(a), (d); *Cortez v. State*, 420 S.W.3d 803 (Tex. Crim. App. 2013). The clerk's record, filed October 3, 2016, does not contain an order appointing appellate counsel for appellant. The court reporter filed a letter dated October 3, 2016 in which she states appellant has not informed her of what hearings he wants in the reporter's record and has not contacted her to make arrangements to pay

for the record.  Accordingly, to assist the Court in determining how to proceed, we **ORDER** the following:

- The trial court shall determine whether appellant desires to be represented by counsel and, if so, whether appellant is indigent and entitled to court-appointed counsel.  If the trial court determines appellant does wish to have counsel and is indigent, we **ORDER** the trial court to appoint counsel to represent appellant.   If appellant is not indigent, the trial court shall determine the name, State Bar number, and contact information for retained counsel.  If appellant does not desire to be represented by counsel, we **ORDER** the trial court to do the following:

- The trial court shall advise appellant of the dangers and disadvantages of self-representation.  *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987).  The trial court shall further advise appellant that he does not have the right to hybrid representation.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order.  If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

The appeal is **ABATED** to allow the trial court to comply with this order.  It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/    ADA BROWN
JUSTICE