**Order filed June 18, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00377-CR
_____

**GLENN CASEY PORTWOOD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 12-DCR-061693**

## ORDER

Appellant timely appealed from his conviction of aggravated sexual assault of a child less than 14 years of age. The clerk's record, filed June 12, 2019, does not contain a certification of appellant's right to appeal. *See* Tex. R. App. P. 25.2(a)(2), 34.5(a)(12).

An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. Tex. R. App. P. 25.2(d);

*Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) ("The court of appeals must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made a part of the appellate record.").

We therefore **ABATE** the appeal and order the trial court to execute a certification of appellant's right to appeal. *See* Tex. R. App. P. 34.5(c)(2), 37.1, 44.4; *Cortez v. State*, 420 S.W.3d 803, 806–07 (Tex. Crim. App. 2013). The trial court shall file a certification of the defendant's right of appeal with the district clerk and direct the clerk to prepare and file a supplemental clerk's record containing the certification with this court by **July 18, 2018**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental record containing the certification of the defendant's right to appeal is filed.


PER CURIAM