# NO. 12-19-00248-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHAD STEVEN IVEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 124TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Chad Steven Ivey appeals his conviction for driving while intoxicated, third or more. In a single issue, Appellant argues the trial court abused its discretion in denying his motion to suppress. We dismiss the appeal.

### BACKGROUND

Pursuant to a plea agreement, Appellant pleaded "guilty" to driving while intoxicated, third or more, and was sentenced to twenty years in prison. At the plea hearing, Appellant acknowledged that he cannot appeal if the trial court accepted the plea agreement. After accepting the plea agreement, the trial court informed Appellant that he had no right of appeal. The clerk's record contains a stipulation of evidence and plea admonishments, both signed by Appellant and his counsel. The admonishments include Appellant's initials next to a sentence withdrawing pretrial motions and waiving his right to appeal. On June 20, 2019, the trial court signed a certification of the right to appeal, which stated that this "is a plea agreement case, and the defendant has NO RIGHT OF APPEAL." The certification was also signed by Appellant and his counsel. Appellant subsequently filed a pro se notice of appeal.

On July 23, after Appellant failed to file the required docketing statement, this Court issued an order requiring the trial court to conduct a hearing to determine the cause of Appellant's failure

to file the docketing statement, whether Appellant abandoned the appeal, and whether Appellant was entitled to the appointment of counsel. At that hearing, the trial court appointed an attorney to represent Appellant on appeal. On July 29, the trial court signed a certification stating that this "is not a plea agreement case, and the defendant has the right of appeal."

After the parties each filed appellate briefs, the State argued that Appellant waived the right to appeal and the July 29 certification is erroneous.[1] Accordingly, this Court remanded the case to the trial court for clarification of the conflict between the record and the certification. The trial court then signed an amended certification that states this "is a plea bargain case, and the defendant has NO right of appeal" and the "defendant has waived the right of appeal." The certification is signed by the trial court, but not Appellant or his counsel. The Clerk of this Court subsequently contacted the Gregg County District Clerk's Office and learned that the certification was emailed to Appellant's counsel for signature, but the Clerk's Office received no signed certification in response to that email.

### CERTIFICATION OF RIGHT TO APPEAL

The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order other than an order appealable under Chapter 64, Texas Code of Criminal Procedure. TEX. R. APP. P. 25.2(a)(2). Ordinarily, in a plea bargain case, in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the defendant may appeal only: (1) those matters raised by written motion filed and ruled on before trial, (2) after getting the trial court's permission to appeal, or (c) where the specific appeal is expressly authorized by statute. *Id*. However, when a defendant waives this limited right to appeal, the defendant may appeal only if the trial court later gives its express permission. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). As previously discussed, the record demonstrates that this is a plea bargain case and Appellant withdrew pretrial motions and waived the right of appeal. After requesting that the trial court clarify the conflict between its July 29 certification and the record, the trial court signed a certification stating that this is a plea bargain case, "defendant has NO right of appeal," and

---

[1] The State incorrectly referred to the date of the certification as "July 9."

"defendant has waived the right of appeal." This certification is consistent with the record and the record does not otherwise indicate the trial court gave Appellant permission to appeal.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. TEX. R. APP. P. 25.2(d); *see Cortez v. State*, 420 S.W.3d 803, 805 (Tex. Crim. App. 2013) (certification must be signed by defendant). This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d).

Based on our review of the record, the trial court's certification appears to accurately state that Appellant does not have the right to appeal.[2] *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). Because the trial court did not grant Appellant the right to appeal his conviction, we *dismiss* the appeal. *See* TEX. R. APP. P. 25.2(d).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] The certification shall include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a *pro se* petition for discretionary review, and the notification shall be signed by the defendant. TEX. R. APP. P. 25.2(d); *see Cortez v. State*, 420 S.W.3d 803, 805 (Tex. Crim. App. 2013). The certification in this case is not signed by the defendant. "[A] defective certification should include a certification which is correct in form but which, when compared with the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). Although the certification is technically incorrect in form, most importantly, it is accurate when compared to the record.

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2020**

**NO. 12-19-00248-CR**

**CHAD STEVEN IVEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 124th District Court
of Gregg County, Texas (Tr.Ct.No. 47649-B)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

4