

# Fourth Court of Appeals
## San Antonio, Texas

September 6, 2022

No. 04-22-00047-CR

Michael Alonzo **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 630792
Honorable Grace M. Uzomba, Judge Presiding

# O R D E R

The clerk's record and the reporter's record have been filed in this case. The clerk's record contains a trial court certification stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2) (requiring the trial court to enter a certification of the defendant's right of appeal each time it enters a judgment of guilt). Rule 25.2 of the Texas Rules of Appellate Procedure defines a plea bargain case as "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." *See id.*

The written plea-bargain agreement in the clerk's record contains a section titled "Judges Notes and Annotations" that assesses a $6,000.00 fine. Because the section containing the $6,000.00 fine appeared in the written plea-bargain agreement, we concluded the punishment assessed by the trial court did not exceed the punishment recommended by the prosecutor and agreed to by the appellant. On February 8, 2022, we issued an order informing appellant that this appeal would be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended trial court certification showing that appellant has the right to appeal was made part of the appellate record. TEX. R. APP. P. 25.2(d).

On March 1, 2022, appellant filed a written response informing this court that the $6,000.00 fine was not part of the plea bargain and exceeded the punishment recommended by the prosecutor and agreed to by the defendant. Appellant also claimed the $6,000.00 fine constitutes an illegal sentence.

On April 18, 2022, we remanded the case to the trial court to hold an evidentiary hearing and ordered the trial court to either: (1) issue an amended certification; or (2) if appellant is not entitled to appeal, issue findings of fact and conclusions of law explaining why appellant is not entitled to an appeal. Specifically, we ordered the trial court to address: (a) whether the punishment assessed by the court, including the $6,000.00 fine, exceeded the punishment recommended by the prosecutor and agreed to by the defendant; (b) whether the "Judges Notes and Annotations" section appeared on the written plea-bargain agreement when the appellant, appellant's counsel, and the Assistant District Attorney signed it; and (c) any other issue that is relevant to whether the defendant is entitled to appeal.

On May 18, 2022, the district clerk filed a supplemental clerk's record containing the trial court's findings of fact and conclusions of law. In its findings of fact, the trial court stated the "Judges Notes and Annotations" section containing the $6,000.00 fine was not part of the written plea-bargain agreement when appellant signed the agreement. In its conclusions of law, the trial court concluded the $6,000.00 fine was assessed in accordance with section 709.001(b)(3) of the Texas Transportation Code.[1] The trial court further concluded this fine is a collateral consequence of the crime pled to and is not punishment. According to its findings of fact—because the $6,000.00 fine is a collateral consequence and not punishment—the trial court found the punishment imposed did not exceed the punishment recommended by the prosecutor and agreed to by the appellant.

We are obligated to review the entire appellate record to determine if the trial court's certification is defective. *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). A trial court's certification is defective if it proves to be inaccurate when compared with the appellate record. *See id.* at 614. We have found no authority supporting the trial court's conclusion that the $6,000.00 fine is a collateral consequence. Therefore, it is unclear at this stage of the appeal whether the trial court's certification is defective, and whether appellant has a right to appeal. However, we note in his March 1, 2022 response, the appellant is complaining the trial court has imposed an illegal sentence. *See Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus.").

Rule 44.4 of the Texas Rules of Appellate Procedure states: "A court of appeals must not . . . dismiss an appeal if: (1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and (2) the trial court can correct its action or failure to act." TEX. R. APP. P. 44.4(a); *see also Cortez v. State*, 420 S.W.3d 803, 806 (Tex. Crim. App. 2013) ("Rule 44.4 [of the Texas Rules of Appellate Procedure] states that an appellate court must not dismiss an appeal if the trial court's error prevented the proper presentation of the appeal and the trial court can correct the error."). "Further, subsection (b) of that rule requires the appellate court in those circumstances to 'direct the trial court to correct the error.'" *Cortez*, 420 S.W.3d at 806 (quoting TEX. R. APP. P. 44.4(b)). "In the context of the certification of the defendant's right of appeal, [the Court of Criminal Appeals] has previously stated that Rules 44.3 and 44.4 reflect a strong interest in ensuring that a defendant's right to appeal is not abridged due to defects or irregularities that can be corrected." *Cortez*, 420 S.W.3d

---

[1] Section 709.001(b)(3) of the Texas Transportation code states "a person who has been finally convicted of an offense relating to the operating of a motor vehicle while intoxicated shall pay a fine of: . . . $6,000 for a first or subsequent conviction if it is shown on the trial of the offense that an analysis of a specimen of the person's blood, breath, or urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed." TEX. TRANSP. CODE ANN. § 709.001(b)(3)

at 806 (alterations and internal quotation marks omitted) (quoting *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005)).

To ensure the appellant's right to appeal is not abridged due to the irregularities presented by this case, we ORDER the trial court to prepare an amended certification certifying the appellant has the right to appeal on or before **September 20, 2022**. We FURTHER ORDER the trial court clerk to file a supplemental clerk's record containing the trial court's amended certification on or before **September 30, 2022**. After the supplemental clerk's record is filed, we will set a due date for the filing of appellant's brief.

It is so **ORDERED** on September 6, 2022.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT

