

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-25-00025-CR

---

Paul Zapata, Jr., Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 421st
Caldwell County, Texas
Trial Court No. 22-238

---

## MEMORANDUM OPINION[1]

Appellant Paul Zapata, Jr. was convicted of unlawful possession of a firearm by a felon.

Among several issues on appeal, Zapata argues the evidence is legally insufficient to support his

---

[1] This case was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001. We apply the precedent of the Third Court of Appeals to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

conviction for the offense alleged in the indictment. After reviewing the record, we agree the evidence is insufficient to prove an essential element of the charged offense under the theory alleged by the State. Accordingly, we reverse and render a judgment of acquittal.

## I. BACKGROUND

On December 3, 2015, Zapata was convicted of the felony offense of evading arrest with a vehicle, and he was sentenced to serve three years' confinement. More than six years following his conviction, Zapata was again charged with an offense. On August 5, 2022, a 911 caller reported that a person fired five or six gunshots outside his home and casings were found in the road. The caller reported that, after he heard the shots, he checked his home security system and saw it recorded a black SUV-type vehicle driving by when the incident occurred. While talking with the operator, the caller again saw the black vehicle drive by a second time and he gave further details. Officers soon located a car matching the caller's description. When the vehicle turned into a gas station, an officer activated emergency lights and initiated an investigation. Zapata was identified as the driver of the car and he was the only occupant. After he consented to a search of the vehicle, officers located a handgun inside the glove box.

The State charged Zapata with "possess[ing] a firearm before the fifth anniversary of [his] release from supervision under parole following conviction of [a] felony." *See* Tex. Penal Code Ann. § 46.04(a)(1). Evidence was presented to a jury over a two-day trial. On the second day, Zapata failed to appear and could not be located. After the trial proceeded in his absence, the jury returned a verdict of guilty and he was sentenced to ten years' confinement.

This appeal followed.[2]

---

[2] Zapata was sentenced in open court on November 26, 2024, and he timely filed his notice of appeal on November 29, 2024. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a); Tex. R. App. P. 26.2(a)(1).

## II. Issues Presented

Zapata presents eight issues on appeal. The first challenges the legal sufficiency of the evidence. Because we sustain that point, we do not reach the remaining issues. *See* Tex. R. App. P. 47.1.

## III. Standard of Review

In criminal cases, we review the legal sufficiency of the evidence under the well-established *Jackson v. Virginia* standard, considering all the evidence in the light most favorable to the verdict to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894–96 (Tex. Crim. App. 2010). We measure the sufficiency of the evidence against the "hypothetically-correct jury charge, defined by the statutory elements as modified by the charging instrument." *Edwards v. State*, 666 S.W.3d 571, 574–75 (Tex. Crim. App. 2023) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). A hypothetically-correct jury charge is one that "accurately states the law, is authorized by the indictment, does not increase the State's burden of proof, and adequately describes the offense with which the defendant is charged." *Id.* Among these requirements, the limitation, " is authorized by the indictment," has been interpreted as meaning "the statutory elements of the offense as modified by the charging instrument." *Ramjattansingh v. State*, 548 S.W.3d 540, 546 (Tex. Crim. App. 2018). When a penal statute lists alternative methods of committing an offense or definitions of elements of an offense, and the indictment alleges some, but not all, of the statutorily listed methods or definitions, the State is limited to the methods and definitions alleged. *Herron v. State*, 625 S.W.3d 144, 152 (Tex. Crim. App. 2021). "Whether an allegation must be included in the hypothetically-correct jury charge depends on whether the variance between the allegation and proof is material." *Id.*

3

## IV. SUFFICIENCY OF THE EVIDENCE

Zapata argues the State presented insufficient evidence to support a conviction for the charge as it was indicted. Specifically, he contends there exists a material variance between the indictment and the evidence produced at trial to support his conviction. The State agrees with Zapata. Because our independent review confirms there was a material variance between the indictment and the evidence, we also agree the evidence is legally insufficient to support Zapata's conviction for the offense alleged in the indictment.

The Texas Penal Code prohibits a felon from possessing a firearm after conviction and before the fifth anniversary of the person's release from confinement or from supervision under community supervision or parole, whichever date is later. Tex. Penal Code Ann. § 46.04(a)(1). Based on his prior felony conviction, Zapata was subject to this prohibition. Under the statute, the timeframe for the prohibition began at Zapata's conviction and continued for a minimum of five years, but it could extend longer, with a maximum end date falling on the fifth anniversary of four alternative, statutorily listed events. *Id*.

The State elected to prosecute Zapata under the parole-release pathway of the statute, alleging he possessed a firearm before the fifth anniversary of his "release from supervision under parole following conviction of a felony." *See* Tex. Penal Code Ann. § 46.04(a)(1). From the start of trial, the State acknowledged it would need to prove release from supervision under parole as an essential element of its case.[3] The trial court charged the jury in accordance with the indictment.[4]

---

[3] The State's counsel explained: "So what I need to prove as the State beyond a reasonable doubt . . . is that the defendant in our County on or about a specific date . . . who has been convicted of a felony, possessed a firearm. . . . But what this rule means is essentially five years after your case has been completed, your sentence or your supervision." At closing, the State reminded the jury: "If you all agree the State has failed to prove beyond a reasonable doubt one or more of the elements 1, 2 and 3 listed above, you must find the Defendant not guilty."

[4] In its charge, the trial court identified each element as follows: "To prove that the Defendant is guilty of possession of a firearm by a felon, the State must prove beyond a reasonable doubt three elements. The elements are that (1) The

On review of the record, the State offered no evidence of release from supervision under parole or evidence of the date of any such release. Instead, the State called five witnesses (two officers, a forensic expert, the 911 caller, and Zapata's girlfriend) and it introduced photographic, video, and physical evidence relevant only to the elements of Zapata's knowing possession of a firearm. It also admitted a certified judgment of Zapata's previous conviction. Regarding the five-year period, the State argued in its rebuttal that the jury could calculate the five-year window by adding the length of sentence to the conviction date and then tack on five years.[5] Nonetheless, the only evidence offered in support of that argument was the judgment showing Zapata was convicted and given a 3-year sentence for a felony offense on December 3, 2015—6 years and 8 months before the alleged offense. Assuming he served his full sentence beginning on the day of conviction, he would have been released on December 3, 2018—3 years and 8 months before the alleged offense. Yet the indictment itself alleged that he received parole. Moreover, the certified judgment further indicated that Zapata was given almost a year of credit for time spent in jail before sentencing.

In its response brief, the State confessed error to this Court. Specifically, it wrote the following: "There was no evidence regarding [Zapata] serving the entirety of his sentence in TDCJ, nor any evidence of [Zapata] being placed on any form of supervision after said conviction . . .

_____

defendant possessed a firearm. And (2) The defendant was released from supervision under parole within five years of this date. And (3) The Defendant intended or knew he was possessing a firearm." The court then repeated the elements by reference to Zapata: "You must decide whether the State has proved beyond a reasonable doubt three elements. The elements are that (1) the Defendant, Paul Zapata, Junior, possessed a firearm in Caldwell County, Texas, on or about the 5th day of August, 2022. And (2) the Defendant was released from supervision under parole within five years of this date. And (3) the Defendant knew he was possessing a firearm. If you all agree the State has failed to prove beyond a reasonable doubt one or more of the elements 1, 2 and 3 listed above, you must find the Defendant not guilty."

[5] In fact, the State argued that the certified judgment showed Zapata was "adjudicated guilty" in December of 2018. Its explanation of the five-year calculation consisted of the following: "So that three year sentence added to 2018 is —plus that five year prohibition period, that prohibition period would end at the—near the end of 2023. And so we know that this happened in August of 2022 which is around the middle--middle half of 2022. That's the period that he's prohibited still from having a firearm in his possession. Okay?"

[and] no evidence of the date [Zapata] was released from supervision under parole." Although not binding on this Court, the State's confession of error is consistent with our independent examination of the merits of the claim of error. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002) ("A confession of error by the prosecution in a criminal case is important, but not conclusive, in deciding an appeal.").

In sum, because the indictment and the hypothetically-correct jury charge limited the State to proving possession within five years of release from supervision under parole, and because the record contains no evidence of that release or its date, no rational juror could find that element of the indictment beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Edwards*, 666 S.W.3d at 575; *Herron*, 625 S.W.3d at 151–52. Sister courts have reached the same result even without a confession of error and even where the State proved a different timing pathway than it alleged. *See Wood v. State*, 636 S.W.3d 83, 91 (Tex. App.—Fort Worth 2021, no pet.) (State alleged date of release from confinement but proved date of release from supervision under parole); *Trevino v. State*, No. 13-14-00280-CR, 2015 WL 2160042, 2015 at *4–6 (Tex. App.—Corpus Christi May 7, 2015, no pet.) (mem. op., not designated for publication) (same); *Friar v. State*, No. 07-22-00215-CR, 2024 WL 2870862, at *3 (Tex. App.—Amarillo June 6, 2024, pet. filed) (mem. op., not designated for publication) (State alleged date of release from supervision but proved date of release from confinement). Thus, on review of the record, we sustain Zapata's first issue.[6]

---

[6] We note the record here shows the trial court certified Zapata's right to appeal. *See* Tex. R. App. P. 25.2(d). Although the face of the instrument bears signatures of the trial court and of Zapata's attorney, it lacks Zapata's signature on its face. In *Cortez v. State*, that Court of Criminal Appeals interpreted Rule 25.2(d) as requiring defendant's signature. 420 S.W.3d 803, 805 (Tex. Crim. App. 2013) (citing Tex. R. App. P. 25.2(d)) ("The certification must be signed by the defendant"). Nonetheless, *Cortez* also clarified that such procedural deficiency may be corrected by supplementation of the record. *Id*. at 806. Accordingly, we ORDER the attorney representing Zapata, pursuant to Tex. R. App. P. 48.4, to send Zapata a copy of this opinion and this Court's judgment, and to notify him of his rights. *See* Tex. R. App. P. 48.4, 68. Zapata's attorney is further ORDERED to comply with all requirements of Tex. R. App. P. 48.4.

## V. CONCLUSION

Because the State did not prove what it alleged, we reverse the trial court's judgment of conviction and render a judgment of acquittal.


GINA M. PALAFOX, Justice


November 6, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)